Laura ALLEN,

v.

STEWART TITLE GUARANTY.

Gladys Heath,

v.

Stewart Title Guaranty.

Nos. 06–cv–2426–LDD, 06–cv–4534–LDD.

United States District Court,
E.D. Pennsylvania.

Nov. 5, 2007.

Steven A. Schwartz, Timothy N. Mathews, Joseph G. Sauder, Chimicles & Tikellis LLP, Haverford, PA, for Laura Allen.

Edward J. Hayes, Lauren P. McKenna, Fox Rothschild LLP, Philadelphia, PA, for Stewart Title Guaranty Company.

David A. Searles, Michael D. Donovan, Donovan Searles, LLC, Philadelphia, PA, Philip S. Friedman, Friedman Law Offices, PLLC, Washington, DC, Richard S. Gordon, Cory L. Zajdel, Quinn Gordon & Wolf Chtd., Towson, MD, for Gladys Heath.

## ORDER

LEGROME D. DAVIS, District Judge.

AND NOW, this 5th day of November 2007, upon consideration of Plaintiff Allen's Motion for Consolidation and Appointment of Interim Class Counsel (Civil Action 06–cv–2426, Doc. No. 32) and Plaintiff Heath's Renewed Motion for Appointment of Interim Class Counsel (Civil Action 06–cv–4534, Doc. No. 28), it is hereby ORDERED that Plaintiff Allen's Motion is GRANTED in part, and DENIED in part, and Plaintiff Heath's Motion is GRANTED in part, and DENIED in part.

## I. DISCUSSION

The issues before this Court arise from two proposed class actions filed before the late Judge Clifford Scott Green, both alleging that defendant overcharged its title insurance customers in violation of Pennsylvania law. In an Order dated January 9, 2007, Judge Green appointed Allen's counsel, Chimicles & Tikellis LLP, as interim class counsel and ordered the Allen and Heath actions

to be consolidated. *See Allen v. Stewart Title Guaranty Company*, 2007 WL 119953, 2007 U.S. Dist. LEXIS 1897 (E.D.Pa. Jan. 9, 2007). This Order was subsequently vacated on October 23, 2007, however, after both matters were transferred to this Court's docket and both Allen and Heath counsel continued to wrangle over their respective roles in the litigation. Both parties having since re-briefed the issues of interim counsel and consolidation, we now consider each in turn.

■ The Federal Rules of Civil Procedure permit a court to designate interim counsel "to act on behalf of the putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(2). Where more than one adequate applicant seeks appointment as class counsel, the Court must appoint the applicant "best able to represent the interests of the class." *Id.* As part of this determination many courts consider whether counsel is free of conflicts of interest, since "[t]he responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel." *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir.1995).

■ This Court has no reason to doubt that both Allen and Heath counsel would "fairly and adequately" represent the interests of the putative class. *See* Fed.R.Civ.P. 23(g)(1). Both have extensive experience in prosecuting complex class actions, and both have invested significant efforts into investi-

gating the potential claims in their respective actions. However, given the manner in which the cases have progressed, we find Heath counsel better equipped to represent the interests of the putative class. Allen counsel argues that Heath counsel's representation in a similar state class action against the same defendant presents "at least an appearance of a conflict of interest if not a real conflict." But we are more persuaded by Heath counsel's averment that the plaintiffs' interests in the two actions are, in fact, aligned. (Pl. Allen's Memo. at 9; *see* Pl. Heath's Memo. at 12–13.)[1] Indeed, we find that permitting Heath counsel to represent the class would not only facilitate cooperation and economic use of judicial resources[2], but also its role in the state proceeding would guard against any potential "reverse auction" problems in which the settlement of one case prematurely extinguishes the claims in the other. *See In re Community Bank of Northern Virginia*, 418 F.3d 277, 308 (3d Cir.2005) (discussing the dangers of a reverse auction where multiple class actions are pending against a single defendant).

Moreover, we do not see how appointing Heath counsel would prejudice the Allen plaintiffs since they are encompassed within Heath's proposed class. Both Allen and Heath have proposed to represent all persons deprived of discounted title insurance premiums by defendant in contravention of state law, with the sole difference being that Allen's proposed class includes only those who purchased title insurance between 2000 and August 2005.[3] Consolidation of the two

---

1. The matter pending in state court is *Johnson v. Stewart Title Guaranty Company*, November Term 2005, No. 2212 (C.P.Phila.), which was consolidated with *Cummings v. Express Financial Services, Inc.*, March Term 2005, No. 747 (C.P.Phila.).

2. This point is further bolstered by the fact that Heath counsel has been approved as class counsel or interim class counsel in four other title insurance class actions currently pending in the Eastern District of Pennsylvania.

3. There are two relevant circumstances under which Pennsylvania law mandates discounted title insurance: Persons who apply for new title insurance where insurance was previously issued within ten years on the same property are entitled to a discounted "reissue rate," while persons who apply for new title insurance where insur-

ance was previously issued within three years on the same property, and where there has been no change in the fee simple ownership, are entitled to a discounted "refinance rate." *See* Manual of Title Insurance Rating Bureau of Pennsylvania §§ 5.3, 5.6. Because the "refinance rate" is defined as a percentage of the already-discounted "reissue rate," and because either may be invoked when a mortgage refinancing occurs (depending on the relevant time period), the terms "refinance rate" and "reissue rate" are often used interchangeably within the industry. Thus, despite Heath counsel's reference to the term "refinancing" in their proposed class, it is clear from their complaint and motion that their proposed class is meant to encompass all individuals to whom a discounted rate is due. (*See* Pl. Heath's Compl. ¶¶ 21–24, 35; Pl. Heath's Memo. at 11–12.)

cases is therefore entirely appropriate under Rule 42 of the Federal Rules of Civil Procedure, which provides courts with discretion to consolidate multiple actions "involving a common question of law or fact ... to avoid unnecessary costs and delay." Fed. R. Civ. Pro. 42.

## II. CONCLUSION

For the reasons stated above, it is hereby ORDERED as follows:

1. Plaintiff Allen's Motion for Consolidation and Appointment of Interim Class Counsel (Civil Action 06–cv–2426, Doc. No. 32) is GRANTED in part, and DENIED in part.

2. Plaintiff Heath's Renewed Motion for Appointment of Interim Class Counsel (Civil Action 06–cv–4534, Doc. No. 28) is GRANTED in part, and DENIED in part.

3. David A. Searles, Michael D. Donovan and the law firm of Donovan Searles, LLC; Richard S. Gordon and the law firm of Quinn, Gordon & Wolf, Chtd.; and, Philip S. Friedman and the law firm of Friedman Law Offices, PLLC, are appointed to serve as interim class counsel for the putative class.

4. The above listed actions shall be consolidated. The Clerk of Court is directed to consolidate these actions under Civil Action No. 06–cv–4534.

5. *Allen v. Stewart Title Guaranty Company*, Civil Action No. 06–cv–2426, is hereby dismissed. The Clerk of Court is directed to close the matter for statistical purposes.